# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-8030 PA (ASx) | Date | September 18, 2018 |
|---|---|---|---|
| Title | Monica Lopez v. Cenergy Int'l Services, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Cenergy International Services, LLC ("Cenergy") on September 14, 2018. Cenergy has sought to remove the action filed by plaintiff Monica Lopez ("Plaintiff"). Cenergy asserts that this Court has subject matter jurisdiction on the basis of the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. The Court's federal-question jurisdiction "is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court." Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007). Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Plaintiff's Complaint contains state law claims for: (1) wrongful termination in violation of public policy; (2) retaliation; (3) breach of contract; (4) breach of implied-in-fact contract; (5) intentional

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8030 PA (ASx) | Date | September 18, 2018 |
|---|---|---|---|
| Title | Monica Lopez v. Cenergy Int'l Services, LLC, et al. | | |

misrepresentation; (6) negligent misrepresentation; (7) negligence; (8) negligence per se; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress. No federal claim is alleged. Cenergy's Notice of Removal alleges, however, that the Complaint's references to the Department of Transportation Workplace Drug and Alcohol Testing Program regulations, codified at 49 C.F.R. part 40, creates a federal question because Plaintiff "seeks relief pursuant to" the applicable Code of Federal Regulation drug testing protocals. (Notice of Removal ¶ 4.) Contrary to Cenergy's assertions, the Complaint's references to the drug testing protocols do not establish the existence of a federal question. Specifically, the Complaint's claims are state law claims, not federal claims. Indeed, "there is no private right of action for a violation of 49 C.F.R. §§ 40.1, et seq., and therefore, there is no federal cause of action in this case." Donyeal Griffin-Ware v. Los Angeles Metro. Transp. Auth., Case No. CV 14-4493 SVW (MANx), 2015 WL 12830380, at *1 (C.D. Cal. Apr. 29, 2015). While Plaintiff may be attempting, for instance, to rely on the Code of Federal Regulations to establish the "public policy" she alleges defendants terminated her in violation of, the cause of action asserted in the Complaint is a state law claim for wrongful termination in violation of public policy, it is not a federal claim seeking relief arising under the Code of Federal Regulations. See Williams, 500 F.3d at 1022. The Court therefore concludes that Cenergy's invocation of the Court's federal question jurisdiction is insufficient to establish this Court's subject matter jurisdiction over this matter.

For the foregoing reasons, Cenergy has failed to meet its burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Pomona branch of the Los Angeles County Superior Court, Case No. KC 070516. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.